9/8/2020 6:21 PM
Marilyn Burgess District Clerk Harris County
Envelope No. 46057195
By: Chandra Lawson
Filed: 9/8/2020 6:21 PM

RECEIVED
CARTC , 10/14/2020 ,3:02:38 PM

20199800279
AL145253

CAUSE NO. 2020-54446

| | | |
|---|---|---|
| JOSE CARRILLO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| PAM CARTAGE CARRIERS LLC, | § | |
| PAM TRANSPORT, INC., | § | |
| and AARON TISDALE, | § | |
| | § | |
| *Defendants.* | § | 234th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose Carrillo (hereinafter "Plaintiff"), complaining of PAM Cartage Carriers, PAM Transport, Inc., (together the "PAM Defendants") and Aaron Tisdale (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

### I. Discovery Level

1.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. Jurisdiction and Venue

2.    The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because at least one Defendant is a citizen of the forum state and the accident giving rise to this lawsuit occurred in this County. TEX. CIV. PRAC. & REM. CODE § 15.002.

### III. Parties

3.    Plaintiff is a resident of Texas.



EXHIBIT
A

4.     PAM Cartage Carriers LLC is a Delaware corporation with a principal place of business in Tontitown, Arkansas. This Defendant may be served with process at their company headquarters located at 297 West Henri De Tonti Blvd. Tontitown, Arkansas 72770.

5.     Defendant PAM Transport Inc. is a Delaware corporation with a principal place of business in Tontitown, Arkansas. This Defendant may be served with process through its registered agent, Luis Nunez, at 9487 Landry Mckie Lane El Paso, Texas 79907.

6.     Defendant Aaron Tisdale is a natural person and resident of Florida. This Defendant may be served with process at his personal residence at 2141 Jacobs Fort Pierce, Florida 34982, or wherever he may be found.

## IV. Facts

7.     On or about September 3, 2019, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving Northbound on Wayside Street in Houston, Texas when he was suddenly and unexpectedly struck by a Freightliner driven by Defendant Tisdale. Specifically, Defendant Tisdale had a red light and proceeded through the intersection without regard for the safety of others. At the time of the accident, Defendant Tisdale failed to keep a proper look out and failed to stop at a traffic light. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his neck, back, spine and other parts of his body.

7.     At all relevant times, Defendant Tisdale was acting in the course and scope of his employment with the PAM Defendants and acting in furtherance of a mission for the PAM Defendants' benefit and subject to its control. Additionally, Defendant Tisdale was driving a vehicle owned and maintained by the PAM Defendants and was operating the vehicle under the PAM Defendants' commercial operating authority.

2

## V. <u>Causes of Action</u>

### A.   <u>*Negligence and Gross Negligence (Against All Defendants)*</u>

8.      Plaintiff repeats and realleges each allegation contained above.

9.      Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to stop at a traffic light;

- Failed to pay attention to the road ahead;

- Failed to yield the right of way;

- Failed to operate the vehicle safely;

- Failed to properly supervise its employees;

- Failed to properly train its employees;

- Failed to prudently supervise the job;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent and grossly negligent.

10.     On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury.  Plaintiff is entitled to recover for his injuries.

11.     Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### B.   <u>*Negligence Per Se (Against All Defendants)*</u>

3

12.     Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 644 et seq. which section acts as a tie into Code Sections 545.062 and 545.401.

13.     Plaintiff is a member of the class that Texas Transportation Code Sections 545.062 and 545.401were designed to protect.

14.     Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.062 and 545.401 proximately caused Plaintiff's injuries described herein.

## JOSE CARRILLO'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST the PAM Defendants

15.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tisdale was within the course and scope of employment for the PAM Defendants.

16.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tisdale was engaged in the furtherance of the PAM Defendants' business.

17.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tisdale was engaged in accomplishing a task for which the PAM Defendants was employed.

18.     Plaintiff invokes the doctrine of *Respondeat Superior* as against the PAM Defendants.

## AGENCY

19.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of the PAM Defendants, occurred within the scope of the actual or apparent authority of such person on

4

behalf of the PAM Defendants.

20.     Therefore, the PAM Defendants are liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## C.     *Negligent Hiring (Against the PAM Defendants)*

21.     Plaintiff repeats and realleges each allegation contained above.

22.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Tisdale as a potential employee.

- Failure to properly follow up on information not provided by Defendant Tisdale in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Tisdale's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Tisdale.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## D.     *Negligent Training (Against the PAM Defendants)*

23.     Plaintiff repeats and realleges each allegation contained above.

5

24.     Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Tisdale.

- Failure to provide the necessary training to Defendant Tisdale regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Tisdale, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.    _Negligent Supervision, Retention, and Monitoring (Against the PAM Defendants)_**

25.     Plaintiff repeats and realleges each allegation contained above.

26.     Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Tisdale to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Tisdale to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

6

- Failure to implement proper policies and procedures for its employees, including Defendant Tisdale, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Tisdale to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**F.** _**Negligent Entrustment (Against the PAM Defendants)**_

27.     Plaintiff repeats and realleges each allegation contained above.

28.     Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Tisdale who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**G.** _**Ratification (Against the PAM Defendants)**_

28.     Plaintiff repeats and realleges each allegation contained above.

29.     Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Tisdale after he committed the underlying tortious acts;

- Knew of Defendant Tisdale's tortious acts;

- Recognized that Defendant Tisdale will likely continue to be negligent if he is retained;

- Recognized that Defendant Tisdale will likely continue to be grossly negligent if he is retained;

7

- Failed to take adequate measures to prevent Defendant Tisdale from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Tisdale's negligent and grossly negligent conduct after the PAM Defendants gained knowledge of the conduct.

30.     As a result of Defendant Tisdale's negligent and grossly negligent conduct, which the PAM Defendants ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI. <u>Damages</u>

31.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

8

- Interest on damages (pre and post-judgment) in accordance with the law;

- Costs of Court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VII. **Prayer**

Plaintiff pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII. **Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt B. Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007

9

Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**